UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | CASE NO. 15-04334 (BKT) |
| MAGALY CALDERO LOPEZ | CHAPTER 13 |

### AMENDED OBJECTION TO CONFIRMATION

**TO THE HONORABLE COURT:**

Comes now creditor BT (Recovery) Corp., represented by the undersigned counsel, who respectfully states, alleges and prays as follows:

1. Debtor filed the instant petition for relief under Chapter 13 on June 6, 2015.

2. On June 11, 2015, BT Recovery filed Proof of Claim no. 1 for the secured amount of $119,762.42.

3. On July 6, 2015, the debtor filed the Chapter 13 Plan (Docket 18).

4. On August 19, 2015, the debtor filed a Motion to Avoid BT Recovery's Judicial Lien (Docket 30).

5. On November 12, 2015, BT filed an Answer to Debtor's Motion to Avoid Judicial Lien (Docket 53).

6. The lien avoidance request initiated by the debtor has not been finally adjudicated by this Honorable Court. Although on November 16, 2015, this Honorable Court entered an Order granting Debtor's Motion for Avoidance of Lien, BT has requested such Order to be set aside since the creditor had filed a timely Response to debtor's pleading.

7. Based on the former, BT Recovery opposes the current plan as it fails to provide payment of the creditor's secured claim. Consequently, the proposed plan does not satisfy §1325(a)(5)(B).

8. The creditor further opposes the plan as both the petition and the plan have been filed in bad faith.

9. Appearing creditor had filed a lawsuit against the debtor on October 25, 2000. Barely a year after the lawsuit was filed, the debtor, with knowledge of the creditor's claim against her, purchased a real property for the amount of $122,000.00. It appears that the debtor purchased this property by making a down payment of approximately $80,000.00 towards the purchase price since she only financed the amount of $41,000.00 at closing. (See Title Study included with POC 1). The appearing creditor is in the process of preparing and serving a subpoena to debtor's mortgage creditor to confirm this information. If it turns out that indeed the debtor possessed this amount of cash at a time she was facing a collection action against her, debtor's actions are presumed to have been executed with the intent to defraud creditors. These are not the actions of the honest debtor that the bankruptcy process is intended to protect.

10. The collection action brought against the debtor stems from an auto loan deficiency arising, not from a voluntary surrender of a motor vehicle, but a deficiency resulting from theft of the motor vehicle. Although the motor vehicle had insurance coverage against theft, the insurance company denied coverage to the debtor. Therefore the creditor did not receive payment for the debt nor was able to foreclose on the collateral.

11. BT Recovery obtained judgment against the debtor on May 22, 2006. After the judgment was entered the debtor did not made any efforts to reach an agreement with the creditor regarding payment of the debt. The execution of the judgment was delayed due to appeals filed against the judgment. The Court of Appeals eventually affirmed the judgment. The creditor proceeded to record a lien against debtor's real property in the property registry. The creditor also requested that a debtor's property be sold at public auction in order to satisfy the amount due.

12. The Court of First Instance scheduled a public auction for the sale of debtor's property for June 17, 2015. Eleven (11) days prior to the date of the auction, the debtor filed for bankruptcy.

13. It seems to be rather clear that the debtor filed the instant proceeding with the exclusive intent of preventing BT Recovery from executing the judgment obtained before the Court of First Instance.

14. The debtor listed a total amount of $14,611.48 in unsecured claims. Of this amount, only a meager $854.40 corresponds to dischargeable unsecured claims since the remaining amount of unsecured debt corresponds to a student loan (See Schedule F, Docket 17, Page 25, and Claims register). The former shows that instant case is reduced to a two party dispute that does not serve a meaningful bankruptcy purpose.

15. In addition, debtor's previous dealings and actions in response to the collections efforts made by the creditor put into question whether she fits the category of the "honest but unfortunate debtor". The debtor had the money to pay her debts but she opted to divert her funds towards the purchase of a real property notwithstanding the fact that she had already been sued in Court. Now, the debtor is proposing a plan that pays basically nothing to unsecured claims. If BT Recovery's claim is allowed as unsecured, as the debtor intends, then distribution to unsecured creditors as per the proposed plan would be approximately 2% of unsecured claims. This is simply unfair and unequitable considering debtor's questionable conduct and the fact that she would be retaining a real property that it is essentially paid off.

16. BT Recovery's position is that there are factual elements that require further inquiry in the instant case and that the plan should not be confirmed until the creditor is granted an opportunity to complete discovery.

17. For the former reasons, BT Recovery's objects to the confirmation of debtor's Chapter 13 Plan.

**WHEREFORE**, BT (Recovery) Corp. respectfully prays that the Court deny confirmation of the Debtor's Chapter 13 Plan dated July 6, 2015.

In San Juan, Puerto Rico, this 2 day of December of 2015.

**NOTICE**

YOU ARE HEREBY NOTIFIED THAT YOU HAVE FOURTEEN (14) DAYS FROM THE DATE OF THIS NOTICE TO FILE AN OPPOSITION TO THE FOREGOING MOTION AND TO REQUEST A HEARING. IF NO OPPOSITION IS FILED WITHIN THE PRESCRIBED PERIOD OF TIME, THE MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED WITHOUT FURTHER HEARING UNLESS(1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INEREST OF JUSTICE REQUIRES OTHERWISE. IF A TIMELY OPPOSITION IS FILED, THE COURT WILL SCHEDULE A HEARING AS A CONTESTED MATTER.

**I HEREBY CERTIFY** that on this same day I electronically filed the foregoing document with the Clerk using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

*s/ Eduardo J. Mayoral García*
**EDUARDO J. MAYORAL GARCÍA**
**USDC PR 224607**
PMB 157
PO Box 194000
San Juan PR 00919-4000
Tel. (787) 754-2002
Fax (787) 296-9892
emayoral@gmail.com