## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

IN RE:

**MAGALY CALDERO LOPEZ**

   **Debtor(s)**

**CASE NO. 15-04334**

**CHAPTER  13**

**FILED & ENTERED ON 10/01/2019**

## OPINION & ORDER

Before the court's consideration is Creditor BT Recovery Corp.'s (hereinafter "BT") *Motion to Alter or Amend Opinion and Order and for Additional Factual Findings* [Dkt. No. 246] (hereinafter "the Motion"); Debtor Magaly Caldero Lopez's (hereinafter "Debtor") *Opposition to Motion to Alter or Amend Opinion and Order, and for Additional Factual Findings filed by BT (Recovery) Corp.* [Dkt. No. 255]; BT's *Reply to "Debtor's Opposition to BT Recovery's Motion to Alter or Amend Opinion and Order, and for Additional Factual Findings"* [Dkt. No. 262]; and *Debtor's Sur Reply to Reply filed by BT (Recovery) Corp.* [Dkt. No. 263]. This controversy stems from the court's *Opinion and Order* (hereinafter "Opinion") which denied BT's objection to confirmation and request for dismissal. [Dkt. No. 240]. For the reasons set forth below, BT fails to meet the legal standard set forth by the case law within the First Circuit for reconsideration and for additional findings of fact. As such, BT's *Motion to Alter or Amend Opinion and Order and for Additional Factual Findings* [Dkt. No. 246], is DENIED.

-1-

BT's Motion bases its request for relief on Fed. R of Civ P. 59(e) and 52(b). Although, a motion made under Rule 59(e)[1] has a nearly identical legal standard as Rule 52(b)[2], the court will discuss each request separately below. See In re Reading Broad., Inc., 386 B.R. 451, 566 (Bankr. E.D.Pa. 2008); In re Ryan, 2008 Bankr. LEXIS 856, at *5-6 (Bankr. D. Or. Mar.19, 2008); In re Skinner, 2008 Bankr. LEXIS 2021, at *12-14 (Bankr. D. Or. July 8, 2008); COLLIERS ON BANKRUPTCY ¶ 7052.03 (Alan N. Resnick & Henry J. Sommer, 16th ed. 2017).

**Legal Standards under Fed. R. Civ. P. 59(e) and 52(b)**

We start with the legal standard used to adjudicate a motion for reconsideration which is made applicable to bankruptcy cases through Fed. R. Bankr. P. 7059. "…[T]he moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie citing a leading treatise, highlighted the following four grounds for granting a motion for reconsideration under Fed. R. Civ. P. 59(e):

> (1) manifest errors of law and fact;
> (2) newly discovered or previously unavailable evidence;
> (3) manifest injustice; and,
> (4) an intervening change in controlling law.

402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)). See Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir., 1994) citing F.D.I.C. v. World University, Inc., 978 F.2d 10, 16 (1st Cir., 1992); Cherena v. Coors Brewing Co., 20 F.Supp.2d 282, 286 (D.P.R., 1998); see also National Metal Finishing Com. v. Barclays American/Commercial, Inc., 899 F.2d 119, 124 (1st Cir., 1990). Under Rule 59, reconsideration

---

[1] Rule 59 is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9023.
[2] Rule 52 is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7052.

of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment. The underlying policy of reconsideration is to provide a court with a means to correct its own errors. White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982).

Rule 59(e) does not exist to allow parties a second chance to prevail on the merits. Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the court. Id. at 616. The rule is that Rule 59(e) motions are to be "aimed at reconsideration, not initial consideration." Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). See also, Nat'l Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F. 2d 119, 123 (1st Cir. 1999) (Rule 59 (e) does not allow the losing party to rehash old arguments, previously considered and rejected); see also, Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n. 3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

Federal Rules of Civil Procedure 52 authorizes a motion to make additional findings of fact in a proceeding. Rule 52(b) allows a party to "question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings." Fed. R.Civ.P. 52(b). A motion pursuant to Rule 52(b) can be made on several appropriate grounds, one of which is to "amplify or expand" the trial court's initial factual findings in order to improve the appellate court's review of the record. Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 122-123 (1st Cir. 1990). The Motion subsequently provides a list of fifty-five (55) specific facts that BT

believes would help clarify the record and assist this court in its review of the case. The existence of this list confirms that Debtor's filing was not just a motion for additional findings of fact in name, but also in substance, although BT's request did not include supporting case law pertaining specifically to Rule 52(b).

**The Position of the Parties**

>*BT*

BT contends that the court's Opinion did not make a determination as to whether it established (or failed to establish) a prima facie case of bad faith filing under § 1325(a)(3) and § 1325(a)(7) of the Code. The only reference to a ruling regarding the creditor's objection to confirmation is a footnote which reads:

> Although BT requests that the court deny the confirmation of Debtor's plan, its legal arguments pursuant to § 1325(a)(3) are lacking. BT bases both the denial of the confirmation of the plan, and the dismissal of the case on the same nucleus of factual allegations. As such, the court turns its attention to BT's request for dismissal of the case.

Opinion, Dkt. No. 240, pg. 9, ft.note 6.

BT submits that the creditor's objection to confirmation under section 1325(a)(3) and section 1325(a)(7) cannot be considered adjudicated without such a finding. This, argues BT, is a clear legal error that warrants altering and amending the court's Opinion. To buttress its argument, BT states that pursuant to Section 1325(a)(3), once a creditor makes a prima facie showing of bad faith, the burden shits to the Debtor to prove good faith. See Viegelahn v. Essex, 452 B.R. 195, at 1999 (W.D. Tex., 2011) ("once a Section 1325(a)(3) objection is raised, it is the debtor's burden to show that the plan was proposed in good faith"). See also In re Owsley, 384 B.R. 739 (Bankr.N.D.Tex.2008) ("[i]t is difficult, if not impossible, for a debtor to meet this burden without putting on evidence.") Usually, that evidence comes in the form of the Debtor's

testimony. No such evidence was given here. Consequently, the Debtor did not satisfy her burden on the good faith issue. Id. at 751.

Moreover, the evidence submitted by BT is more than enough to support a prima facie showing of bad faith. BT submits that the court should have focused the § 1307(c) and § 105(a) dismissal analysis on factors such as "how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected the creditor; and the overall fairness involved in the initiation of Chapter 13 bankruptcy proceedings". BT's Motion, Dkt. No. 246, p.5. In contrast, the amount of time between the Debtor's wrongdoings and the filing of the petition is not a factor that courts have identified under the § 1307(c) and § 105(a) standards. BT states that this court erred when it gave more weight to the amount of time between Debtor's pre-petition conduct and the date of the filing, than to the actual actions committed by the Debtor.

Regarding its request for Rule 52(b) relief, BT argues that on pages 2-3 of the Opinion, this court included a list of "Findings of Fact". This list did not admit the factual averments contained in BT's statement of uncontested material despite the facts being supported by record citations and not controverted by the Debtor. These are necessary, BT contends, so as to reflect the complete uncontested factual status of the case. BT filed its objection to confirmation emulating the proceeding that governs motions for summary judgment in this District given that confirmation hearings are evidentiary hearings. BT relies on the summary judgment requirements as detailed in L.Cv.R. 56 (D.P.R. 2009), made applicable to contested matters pursuant to P.R. L.B.R. 1001-1 (d), which provide an appropriate manner for the parties and the court to determine which facts are uncontested and which facts are contested and therefore suited for an evidentiary hearing.

In addition, BT argues that the court erred when it concluded that Fed. R. Civ. P. 8 does not apply to contested matters. Rule 8 plays no role in the court's pretrial weighing of evidence. The central rule that governs pretrial procedure for submitting evidence to the court is Rule 56, which applies in contested matters. Based on the former, the court must amend the Opinion to include the fifty-five (55) facts set forth in the Motion.

### *Debtor*

In turn, the Debtor proffers that BT's theory of bad faith is constructed on purported facts that took place over twenty years ago. The court correctly concluded that even if true, these facts were so remote in time that they bear no relation to the argument of a bad faith filing of the bankruptcy petition. Quoting from the court's Opinion, Debtor states that "[m]ore to the point, BT has not produced a single legal authority which has adjudicated that a debtor's actions, so far removed in time from the actual filing of a petition for relief, constitutes bad faith." Opinion, Dkt. No. 240, page 10. The court disagreed with BT's portrayal and interpretation of the facts and issued an Opinion supported by the facts. Thus, BT's Motion should be denied because it fails to bring light to any manifest errors in the court's factual determination.

Debtor argues that Rule 52 does not require the court to accept findings unsupported by evidence, that are clearly erroneous or that require a court to reach conclusions which do not properly rest on the facts of a case. See P & D Sales & Mfg. Co. v. Winter, 334 F.2d 830 (7th Cir. 1964). Incorrectly and without any legal support, BT seeks from the court a specific finding which contradicts the determination of the court that BT did not make a "prima facie" showing of bad faith in objecting the confirmation of the plan. However, BT cannot request that the Opinion be more specific and detailed, as the Opinion is *per se* a very detailed and specific determination

of why BT did not make a prima facie showing. It was BT's burden to show "bad faith" and it failed to do so. See In re O'Neal, 2011 WL 2117017, at *6 (Bankr.D.Mass. May 23, 2011).

**The Court's Analysis**

To begin, BT's Motion does not meet the legal standard set forth by the case law within the First Circuit for reconsideration. BT requests that this court revisit the Opinion without submitting any new evidence, intervening change in controlling law, the need to correct a clear error of law or prevent a manifest injustice. BT's Motion is a restatement of every factual and legal argument made in the multiple motions adjudicated by this court in its Opinion. The basic premise argued by BT is that it does not agree with the court's prior findings of fact and conclusions of law. However, BT is reminded that it is improper to seek reconsideration for that purpose: "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D.Pa.1998)." In re Perez Mujica, 508 B.R. 805, 809 (D.P.R. 2014). Furthermore, relitigating, rehashing and restating arguments are also improper uses of Fed. R. Civ. P. 59. A reconsideration motion cannot be used as a vehicle to relitigate matters already litigated before the court and ruled upon. Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205 fn.4 (D.PR.1999). "Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." Tosado v. A.A.A. (In re Tosado), Adv. No. 14-00198-MCF, Docket No. 59 (Bankr. D. PR. 2015) quoting Harley Davison Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990).

The court disagrees with BT's assertion that the Opinion did not make a determination as to whether it established (or failed to establish) a prima facie case of bad faith filing under

-7-

§ 1325(a)(3) and § 1325(a)(7). The Opinion is clear, as stated in BT's own Motion, that the court found BT's legal arguments pursuant to § 1325(a)(3) and § 1325(a)(7) lacking. The court's analysis in the Opinion focused almost exclusively on the "[t]he determination of whether the movant has established *prima facie* that there is a lack of good faith (or bad faith) in the filing of a bankruptcy petition…." In re Costa Bonita Beach Resort Inc., 479 B.R. 14, 40 (Bankr. D.P.R. 2012). Such an endeavor "…is a fact intensive inquiry in which the court analyzes the totality of the circumstances." Id. The court will not do so a second time. Consequently, the court finds that BT is not entitled to reconsideration of the Opinion.

Furthermore, the Motion requesting the court supplement its findings must be denied "…where it the proposed additional findings of fact are not material to district court's conclusions." Lyons v. Jefferson Bank & Trust, 793 F.Supp. 989 (D.Colo.1992). This is squarely the case here. BT wants the court to add a series of purported facts, which even if true, arguendo, are not material to reach the courts' ruling. The court is not required to make a change to its factual findings to include and/or change an entirely immaterial finding of fact. American Ins. Co. v. Lucas, 38 F.Supp. 926 (W.D.Mo.1941). BT's amendments to the findings require additional details which are not pertinent or material to the court's prior determination and should not be allowed. See Vennell v. U. S., 38 F.Supp. 381 (E.D.Pa.1941).

BT's new theory, which uses the summary judgment requirements as set forth in L.Cv.R. 56 (D.P.R. 2009), also fails. Not only is it a new procedural vehicle not permitted under Fed. R. Civ. P. 59(e), it is irrelevant under a Rule 52(b) analysis. The matter adjudicated by the court's Opinion was not a summary judgment determination, nor was it a confirmation hearing. Rather, it was a contested matter, duly briefed, regarding BT's allegations of Debtor's bad faith, which the court rejected.

**Conclusion**

Having reviewed the documents filed, the court determines BT has neither presented new facts nor new interpretations of law. Rather, the Motion was an attempt to re-litigate the same arguments that were previously made and found to be lacking by this court. BT's Motion does not set forth a valid basis for the court to reconsider its previous Opinion pursuant to Fed. R. Civ. P. 52(b) or 59(e). There is no newly discovered evidence, no intervening change in law, and there is no manifest error of law or fact. The Motion itself fails to meet any of the requirements needed to move the discretion of this court. As such, BT's *Motion to Alter or Amend Opinion and Order and for Additional Factual Findings* [Dkt. No. 246], is DENIED.

SO ORDERED

In San Juan, Puerto Rico, this 1st day of October, 2019.

Brian K. Tester
U.S. Bankruptcy Judge